## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GINA BRINEY**, *Individually and On Behalf of All Others Similarly Situated*,<br><br>                    Plaintiffs,<br><br>  v.<br><br>**CONDUENT COMMERCIAL SOLUTIONS, LLC**,<br><br>                    Defendant. | Civil Case No.: _____<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, **Gina Briney**, ("Plaintiff") individually and on behalf of all others similarly situated, by and through her attorneys JTB LAW GROUP, LLC, alleges upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and as a Collective Action on behalf of all others similarly situated, against **CONDUENT COMMERCIAL SOLUTIONS, LLC** ("Defendant" or "Conduent") to recover unpaid off-the-clock wages and overtime compensation, liquidated damages, costs, and attorneys' fees for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

2. Specifically, Conduent violated their statutory obligations by failing to pay their At-Home Customer Care Assistants ("AHCCAs") wages for working off the clock and overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per week.

3. As a result of such illegal pay policy and practice, Conduent's AHCCAs including Plaintiff were deprived of wages for working off the clock and overtime premium to which they are entitled under 29 U.S.C. § 207.

4. Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative "FLSA Collective" defined as:

> *All AHCCAs who worked for Defendant at any time from 3 years prior to the filing of this Complaint to the present*

5. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all AHCCAs of Defendant permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

6. For at least three (3) years prior to the filing of this Complaint, Defendant willfully and intentionally committed widespread violations of the above-described federal statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

9. Defendant Conduent is a domestic limited-liability company registered with the State of Nevada.

10. Conduent has an annual gross volume of business exceeding $500,000.00.

11.  "As the world's largest business process services company,"[1] Conduent provides, among others, customer care and technical support service to its business clients, such as Apple, Inc.

12.  Conduent's headquarters is at 100 Campus Dr, Ste 200, Florham Park, NJ 07932-1029.

13.  Conduent's mailing address is 100 Campus Dr, Ste 200, Florham Park, NJ 07932-1029.

14.  Plaintiff is an adult resident of the State of Texas.

15.  Plaintiff was employed by Conduent as an AHCCA from approximately April 2017 through January 2018.

16.  Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

17.  Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

18.  Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

19.  Defendant has generated over $500,000.00 in revenue per year.

20.  Defendant was/is the "employer" of Plaintiff and members of the putative Collective within the meaning of 29 U.S.C §203(d).

21.  Defendant, directly or indirectly, hired Plaintiff and all other AHCCAs; controlled their work schedules and hours, and conditions of employment; and determined the rate and method of the payment of wages.

22.  As non-exempt hourly employees, AHCCAs performed job duties that do not fall within any exemptions from overtime under the FLSA.

---

[1] https://www.conduent.com/business-process-optimization/ (last accessed Feb. 23, 2018)

23. AHCCAs were paid on an hourly basis.

24. Defendant was/is aware of its obligation under the FLSA to pay AHCCAs overtime wages.

25. AHCCAs were regularly required by Defendant to work off the clock which made them work more than forty (40) hours in a workweek.

26. For example, Conduent required AHCCAs to boot up, load and log into all required software programs/applications before they clocked in.

27. As a result, AHCCAs worked off the clock and were not paid for off the clock time.

28. Additionally, AHCCAs encountered technical issues through the day at work but Conduent failed to pay AHCCAs time spent resolving technical issues, such as re-booting the computers and re-loading all required software programs/applications.

29. As a result, AHCCAs worked off the clock and were not paid by Conduent.

30. Further, Conduent was aware that AHCCAs sometimes had to work beyond their scheduled end time, such as finishing after-call notes and sending work related emails, but failed to pay AHCCAs those hours worked.

31. As a result, AHCCAs worked off the clock and were not paid by Conduent.

32. Defendant failed to pay AHCCAs overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207.

33. For instance, Plaintiff worked approximately 16.8 overtime hours during the pay period of 11/04/2017 to 11/17/2017 but was only paid for 13.53 overtime hours for that pay period.

34. During the pay period of 11/04/2017 to 11/17/2017, Plaintiff was shorted approximately 3.27 hours of overtime compensation.

35. AHCCAs were subjected to the common pay policy and practice of Defendant as stated herein that violated the FLSA.

36. Defendant maintained control, oversight, and direction over AHCCAs, including the promulgation and enforcement of policies affecting the payment of their wages including overtime rate and compensation.

37. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

38. Defendant's widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

40. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf themselves and of all other AHCCAs who have been affected by Defendant's common policy and practice of failing to pay off the clock wages and overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

41. The proposed "FLSA Collective," is defined as:

> *All AHCCAs who worked for Defendant at any time from 3 years prior to the filing of this Complaint to the present*

42. Plaintiff brings this Collective Action against Defendant to recover unpaid wages for working off the clock and unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

43. The Collective Action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

44. Plaintiff seeks to send Notice to all AHCCAs as provided by 29 U.S.C. § 216(b) and supporting case law.

45. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a collective basis, and the manner of identifying the Collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

46. The named Plaintiff has no interests antagonistic to the interests of the other members of the Collective. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in FLSA Collective Action litigations. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Collective.

### FIRST CLAIM FOR RELIEF
(*Individual Claim for Unpaid Overtime under the FLSA*)

47. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

48. Defendant employed Plaintiff as an AHCCA.

49. Plaintiff was required by Defendant and regularly worked off the clock.

50. Plaintiff was required by Defendant to work more than forty (40) hours per workweek.

51. Defendant failed to pay Plaintiff off the clock wages and overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the FLSA.

52. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

53. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

54. As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived wages for working off the clock and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**
*(Collective Action Claim for Unpaid Overtime under the FLSA)*

55. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

56. Defendant employed Plaintiff and the putative Collective members as AHCCAs.

57. Plaintiff and the putative Collective members were required by Defendant and regularly worked off the clock.

58. Plaintiff and the putative Collective members were required by Defendant to work more than forty (40) hours per workweek.

59. Defendant failed to pay Plaintiff and the putative Collective members off the clock wages and overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the FLSA.

60. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

61. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

62. As a result of Defendant's uniform policies and practices described above, Plaintiff and the putative Collective members were illegally deprived of wages for working off the clock and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(B) An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage policies and practices alleged herein;

(C) An Order certifying this action as a Collective Action on behalf of the FLSA Collective, designating the lead Plaintiff Gina Briney as the Collective representative and the undersigned counsel as the Collective Counsel;

(D) An order requiring Defendant to produce a list of names, mailing addresses, e-mail addresses, contact numbers, and dates of employment of all members of the putative FLSA Collective;

(E)     An order authorizing Plaintiff's counsel to notify members of the putative FLSA collective that they are authorized to join this matter by filing written consents pursuant to 29 U.S.C. § 216(b);

(F)     An Order directing Defendant, at their own expense, to investigate and account for the number of overtime hours including the off the clock hours actually worked by Plaintiff and all putative Collective members during each workweek;

(G)     Judgment for damages for all unpaid off the clock wages and overtime compensation to which Plaintiff and members of the Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(H)     Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid off the clock wages and overtime wages owed to Plaintiff and members of the Collective during the applicable statutory period;

(I)     Incentive Awards for the lead Plaintiff;

(J)     An order directing Defendant to pay Plaintiff and members of the Collective reasonable attorney's fees and all costs connected with this action pursuant to the Fair Labor Standard Act, 29 U.S.C. §201 *et seq.*;

(K)     Judgment for any and all civil penalties to which Plaintiff and members of the Collective may be entitled; and

(L)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: March 1, 2018                                    Respectfully submitted,

                                            **JTB LAW GROUP, LLC**

                                  By:   s/ Jason T. Brown
                                        Jason T Brown (NJ Bar ID 35921996)
                                        jtb@jtblawgroup.com
                                        155 2nd Street, Suite 4
                                        Jersey City, NJ 07302
                                        (201) 630-0000 (office)
                                        (855) 582-5297 (fax)

                                        *Attorneys for Plaintiff*